# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02-C-5189 | **DATE** | August 6, 2003 |
| **CASE TITLE** | | Abdel Razik v.Perryman | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

| Defendant Motion to Dismiss (doc. # 5) |
|---|

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing [held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference [held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial [set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs [by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendants' Motion to Dismiss (doc. # 5) is DENIED. Defendants to answer by August 27, 2003. Status hearing set for September 3, 2003, at 9:30 a.m.

(11) ☐ [For further detail see order on the reverse side of the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | AUG 07 2003 | date docketed | |
| ✓ | Docketing to mail notices. | | | 1 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| JHC | courtroom deputy's initials | | date mailed notice | |
| | | U.S. DISTRICT COURT CLERK | | |
| | | 03 AUG -6 PM 7:16 | mailing deputy initials | |
| | | Date/time received in FILED Central Clerk's Office | | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
AUG 0 7 2003

MARY JUNE ABDEL RAZIK, A76-775-900,  )
FATIMA ABDEL RAZIK, A76-775-899,      )
SAJIE ABDEL RAZIK, A76-775-902,       )
JASEM ABDEL RAZIK, A76-775-901,       )
                                      )
                Plaintiffs,           )    No. 02 C 5189
                                      )
        v.                            )    The Honorable William J. Hibbler
                                      )
BRIAN PERRYMAN, District Director     )
of the Immigration and Naturalization )
Service, and JOHN ASHCROFT, Attorney  )
General of the United States of America, )
                                      )
                Defendants.           )

## MEMORANDUM OPINION AND ORDER

In this mandamus action, Plaintiffs Mary June Abdel Razik, Fatima Abdel Razik, Sajie

Abdel Razik, and Jasem Abdel Razik ask this Court for an order of mandamus requiring the INS

to adjudicate their I-485 applications for an adjustment of status to that of lawful permanent

residents. The Defendants move to dismiss, asserting that this Court does not have jurisdiction

under 8 U.S.C. § 1252(g) to review the INS's discretionary decisions and because Plaintiffs cannot

state a claim for mandamus relief.

The Plaintiffs are the wife and three adult (by this time) children of Abdelghani Abdel

Razik. In 1997, Abdelghani was approved as the beneficiary of an I-130 visa petition through his

brother, who is a United States citizen. In early 1998, Abdelghani filed an I-485 application for

permanent residency with the INS, which included the four Plaintiffs, his wife and three children,

1

as derivative beneficiaries. *See* 8 U.S.C. § 1153. According the Plaintiffs, an INS officer informed them during their interview that they were not eligible for an adjustment of status and that their derivative applications would be denied. In April 2000, Plaintiffs moved for the INS to reopen their cases based upon the erroneous decision of the INS officer, and in December 2000, the INS reopened their case. By February 2001, Plaintiffs had complied with the INS directive to resubmit supporting affidavits and birth certificates. But since that time, according to the Plaintiffs, their applications have languished, despite their numerous inquiries. The Plaintiffs ask this Court for an order of mandamus directing the INS to adjudicate their apparently still-pending applications.

Defendants argue that 8 U.S.C. § 1252(g) deprives this Court of jurisdiction over Plaintiffs' complaint. Under § 1252(g), the Court does not have "jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter. Defendants' logic is curious, to say the least. At one point in their brief, Defendants argue that "in the instant case, the decisions involves the discretionary decision of the District Director to deny the plaintiffs [sic] applications for adjustment of status under Section 1255." Def. Mem. in Supp. Mot. to Dismiss at 6. But the Plaintiffs allege (and Defendants do not deny) that their applications for adjustment of status have *not* been adjudicated, but instead remain pending and the District Director has yet to make a discretionary decision regarding plaintiffs' applications. Defendants also argue that "[t]he decision by the District Director of the INS in Chicago is an adjudication of plaintiff's [sic] application." Def. Mem. in Supp. Mot. to Dismiss at 4. Defendants fail to specify to which "decision" they refer, and instead seem to argue that

2

because three of the Plaintiffs have aged out of the "child" category the District Director exercised his discretion in refusing to adjudicate their claims. But this makes no sense. When faced with claims without merit, a tribunal does not leave them pending for more than two years; instead it denies them. *Cf. Paunescu v.I.N.S.*, 76 F. Supp. 2d 896, 900 (N.D. Ill. 1999) ("From this point forward, however, defendants simply failed to do anything at all. This was not a 'decision,' let alone a discretionary call. Plaintiffs do not ask this court to 'review' a governmental action, but to examine and rectify a gross inaction.").

Defendants cite *Chapinski v. Ziglar*, 278 F.3d 718 (2002), in support of their arguments that § 1252(g) deprives this Court of subject matter jurisdiction. But *Chapinski* involved a peculiar case in which the plaintiffs were not eligible for an adjustment of status until the Attorney General commenced deportation proceedings. In *Chapinski*, the plaintiffs' suit called on the court to "reverse the Attorney General's exercise of his discretion not to commence [removal] proceedings against the" plaintiffs. *Id.* at 721. Of course, a judge in our system does not have the authority to tell prosecutors which crimes to prosecute or when to prosecute them, *United States v. Abdelhaq*, 246 F.3d 990, 992 (7th Cir. 2001); *United States v. Giannattasio*, 979 F.2d 98 (7th Cir.1992). But this case is involves no such discretionary decision by the Attorney General. The Attorney General need not "commence" any proceedings against the Plaintiffs, who have the right to file for an adjustment of status under the statute. To the contrary, courts have found that the Defendants have mandatory duty to adjudicate applications for adjustment of status. *See, e.g., Iddir v. I.N.S.*, 301 F.3d 492, 500 (7th Cir. 2002) ("the relevant statutes and regulations confirm that the INS did have the duty to adjudicate the appellants' applications in a reasonable period of time."); *Krishnamoorthy, v. Ridge*, No. 03 C 415, 2003 WL 21204051 (N.D. Ill. May 19, 2003);

3

*Setharatsomphou v. Reno*, No. 98 C 7076, 1999 WL 755292 (N.D. Ill. Sept. 27, 1999); *Paunescu.*, 76 F. Supp. 2d at 901; *Agbemapble v. I.N.S.*, No. 97 C 8547, 1998 WL 292441, *2 (N.D. Ill. May 18, 1998). Accordingly, the Court finds that § 1252(g) does not deprive the Court of jurisdiction.[1]

Defendants also argue that Plaintiffs have not established that mandamus jurisdiction exists under 28 U.S.C. § 1361. Section 1361 grants district courts "jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Mandamus jurisdiction can be invoked when: (1) the plaintiff has a clear right to the relief sought; (2) the defendant has a clear duty to perform; (3) no other adequate remedy is available. *Blaney v. United States*, 34 F.3d 509, 513 (7th Cir. 1994). Under 8 U.S.C. § 1255, the Attorney General may adjust an alien's status to that of a lawful permanent resident if the alien applies for such an adjustment, is eligible for a visa, and a visa is available to him at the time the application is filed. Courts have consistently held that this provides an alien with a right to have an application for an adjustment of status adjudicated and imposes a duty upon the Attorney General to adjudicate cases within a reasonable time. *See, e.g., Iddir*, 301 F.3d at 500; *Krishnamoorthy, v. Ridge*, No. 03 C 415, 2003 WL 21204051 (N.D. Ill. May 19, 2003); *Setharatsomphou v. Reno*, No. 98 C 7076, 1999 WL 755292 (N.D. Ill. Sept. 27, 1999); *Paunescu.*, 76 F. Supp. 2d at 901; *Agbemapble*, 1998 WL 292441, *2. Defendants argue that the three adult children (Fatima, Sajie, and Jasem Abdel Razik) do not have a right to

---

[1] To the extent that Plaintiffs seek an order of mandamus directing the Defendants to adjudicate the Plaintiffs' applications in their favor, § 1252(g) does deprive this Court of jurisdiction.

the remedy sought because they are currently older than twenty-one years of age and thus have "'aged out' and may no longer qualify for adjustment of status as a 'child' under the age of 21 years." Def. Mem. in Supp. Mot. to Dismiss at 2. Thus, argue the Defendants, not only does the INS not owe them a duty to adjudicate their applications, but it is without the authority to do so. But Defendants confuse a duty *to grant* the Plaintiffs' applications for status with the duty *to adjudicate* those applications. However, it would make little sense to issue a writ of mandamus compelling the INS to adjudicate applications that are doomed to fail. But the Plaintiffs' applications are not necessarily so doomed. As the Defendants themselves pointed out, the Child Status Protection Act may allow the INS to adjust the status of "'children' who turn twenty-one years of age before their cases can be fully adjudicated by the INS." Def. Mot. for Extension to Answer at 2 (Oct. 7, 2002); Child Status Protection Act, PL 107-208, 116 Stat. 927. Finally, the Court finds that plaintiffs have no other adequate remedy. Their applications have now languished for two years and yet the INS has done nothing. *Cf. Agbemapble*, 1998 WL 292441, *2) ("A contrary position would permit the INS to delay indefinitely."). Because Plaintiffs could demonstrate that they have a right to an adjudication, that Defendants owe them a duty to adjudicate their applications, and the delay has in fact been unreasonable and leaves them with no other adequate remedies, dismissal is inappropriate.

Defendants motion to dismiss is DENIED. Defendants are directed to file an answer to Plaintiffs' complaint by August 27, 2003. Status hearing set for September 3, 2003 at 9:30 a.m. The Court observes that Plaintiffs' have failed to respond to the Defendants' motion to dismiss and that Defendants have made assertions that one or more of the Plaintiffs' claims may now be moot. Plaintiffs' counsel is directed to appear at the September 3, 2003, status in order to clarify whether

any of the Plaintiffs' claims are moot. If counsel fails to appear, the Court will entertain a motion to dismiss for want of prosecution.

IT IS SO ORDERED.

_8 / 6 / 03_
Dated

The Honorable William J. Hibbler
United States District Court